

**FILED & ENTERED**

**OCT 29 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> ERICA BRIAN COWART, <br><br> Debtor. | Case No. 2:15-bk-25409-ER <br><br> Chapter 7 <br><br> Adv. No. 2:15-ap-01564-ER <br><br> Adv. No. 2:15-ap-01565-ER |
| CITIBANK, N.A. <br><br> Plaintiff, <br><br> v. <br><br> ERICA B. COWART et al. <br>         Defendants. | **MEMORANDUM OF DECISION REMANDING PROCEEDINGS TO STATE COURT** <br><br> [No hearing required pursuant to Federal Rules of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |
| ERICA B. COWART <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A <br><br> Defendants. | |

For the reasons set forth below, the above-captioned adversary proceedings are remanded to the Los Angeles Superior Court.

### I.    INTRODUCTION AND BACKGROUND

Erica Brian Cowart ("Debtor") filed a voluntary chapter 7 petition on October 6, 2015 ("Petition"), case no. 2:15-bk-25409-ER ("Bankruptcy Case").  Bankruptcy Case Doc. No. ("BK Doc.

- 1

No.") 1. On October 8, 2015, Citibank, N.A., as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2007-QH2 ("Citibank") filed a motion for relief from the automatic stay as to an unlawful detainer action in the Bankruptcy Case relating to a residential property located at 19016 Enslow Drive, Carson, California 90746 ("Property"), Los Angeles Superior Court Case No. 15F02211 ("UD State Action").  BK Doc. No. 7.

On October 28, 2015, the Debtor filed *Notices of Removal Pursuant to U.S.C. 9011 of the Federal Rules of Civil Procedure* [sic] ("Removal Notices"). Aside from different captions, the Removal Notices are identical. Adv. No. 2:15-ap-01564-ER is the removed UD State Action referenced above. Adv. No. 2:15-ap-01565-ER is a quiet title and probate action ("Quiet Title Action"). The Removal Notices do not explain why removal to the Bankruptcy Court is appropriate.

In March 2015—prior to the filing of the bankruptcy petition—Citibank acquired title to the Property following a foreclosure proceeding and perfected its title by recording a Trustee's Deed Upon Sale on April 14, 2015. BK Doc. No. 7, Ex. A; Declaration of Michael Zeff ("Zeff Declaration"), ¶¶ 4, 5. Citibank caused a notice to quit to be served on May 6, 2015, and an unlawful detainer judgment in favor of Citibank was entered on July 13, 2015 ("UD State Action Judgment"). BK Doc. No. 7, Ex. D, E; Zeff Declaration, ¶ 7.

On July 17, 2015—four days after the UD State Action Judgment was issued—the Debtor filed a Notice of Removal to the United State District Court, District Court Case No. 2:15-cv-15-05446-CAS(AGRx). BK Doc. No. 16, at 2. On September 14, 2015, the district court granted Citibank's motion to remand the case back to state court for lack of subject matter jurisdiction. BK Doc. No. 16, Ex. 2. The district court recognized that unlawful detainer actions are strictly within the province of state court and remanded the case ("First Remand Order"). *Id.* On September 28, 2015, undeterred by the First Remand Order, the Debtor again removed the State Action to the United States District Court, District Court Case No. 2:15-cv-07609-R(ASx) [BK Doc. No. 16, Ex. 3], which was remanded again by the district court *sua sponte* [BK Doc. No. 16, Ex. 4] ("Second Remand Order"). Since an unlawful detainer action does not itself present a federal question, the district court determined that it lacked subject matter jurisdiction and remanded the case *sua sponte* pursuant to 28 U.S.C. § 1447(c). BK Doc. No. 16, Ex. 4.

II. **LEGAL ANALYSIS**

Title 28 U.S.C. § 1452 governs removal and remand of claims and provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Both the UD State Action and the Quiet Title Action are remanded based on this Court's lack of jurisdiction. *See Pizza of Hawaii, Inc. v. Shakey's, Inc. (In the Matter of Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1377-78 (9th Cir. 1985) (A "federal court must determine *sua sponte* its proper jurisdiction."); *In re Bisno*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010) ("a federal bankruptcy court [generally] does not have to rely upon a motion by any party to remand a case.") Specifically, the Court has no "arising under" or "arising in" jurisdiction over the actions since the claims therein are based entirely on state law, are not causes of action created by title 11, and can exist outside of bankruptcy. *Aheong v. Mellon Mortgage Company (In re Aheong)*, 276 B.R. 233, 243 (9th Cir. BAP 2002). Based on the limited information provided to the Court by the Debtor, there is also no "related to" jurisdiction, because both the UD State Action and the Quiet Title Action will have no conceivable effect on the estate being administered in bankruptcy. *In re Enron Corp.*, 296 B.R. 505, 508-09 (Bankr. C.D.Cal. 2003).

Specifically, the estate does not have an interest in the Property because the Debtor's interest, if any, was terminated pre-petition due to the foreclosure sale. *See In re Windmill Farms, Inc.*, 841 F.2d 1467, 1471 (9th Cir. 1988). Based on the fact that Citibank has already obtained a judgment in the UD State Action, Court's adjudication of the UD State Action cannot have any effect on the estate. Similarly, the Debtor fails to demonstrate how the Court has jurisdiction over the Quiet Title Action.

The Court has a broad authority to remand matters on "any equitable ground" under 28 U.S.C. §1452(b). *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 771 (Bankr. E.D. Cal. 1990). "'Equitable grounds' for § 1452(b) remand have been interpreted to include inconvenient forum, deference to the expertise of the original forum, and preference for having an entire dispute resolved in one court." *Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935, 942 (Bankr. E.D. Cal. 1997). The Court may *sua sponte* remand actions that were removed in bad faith. *Roberts v. Bisno (In re Bisno)*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010). The Court finds that the Debtor removed these actions in bad faith to thwart and delay Citibank's attempt to legally obtain possession of the Property. This finding is supported by Debtor's multiple attempts to remove the UD State Action to the district court and the subsequent filing of the Bankruptcy Case.

### III.  CONCLUSION

Based on the foregoing, the Court remands Los Angeles Superior Court Case No. 15F02211 (2:15-ap-01564-ER) and Los Angeles Superior Court Case No. BC589679 (2:15-ap-01565-ER) to the Los Angeles Superior Court.

###

Date: October 29, 2015

Ernest M. Robles
United States Bankruptcy Judge